## No. 13,786.

### ROBINSON v. AETNA CASUALTY AND SURETY COMPANY OF HARTFORD.
(60 P. [2d] 927)

Decided July 27, 1936. Rehearing denied September 21, 1936.

Mr. HARRY W. ROBINSON, pro se, Mr. FRED L. COLLOM, Mr. JOHN F. MUELLER, for plaintiff in error.

Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. KARL F. CRASS, for defendant in error.

*In Department*

MR. JUSTICE BUTLER delivered the opinion of the court.

HARRY W. Robinson sued the Aetna Casualty and Surety Company of Hartford, Connecticut, to recover on a bond. The court rendered judgment on the pleadings in favor of the Aetna company, and Robinson seeks a reversal of the judgment.

Chain O'Mines is a corporation. Part of its business consists in buying and treating ores at its mill in Gilpin county. It obtained a license, as required by section 3366, Compiled Laws of 1921, and furnished the required bond, the Aetna company being the surety thereon. Robinson's assignors sold ore to Chain O'Mines at an agreed price, and, upon failure of the corporation to pay the agreed purchase price, assigned their claims to Robinson, who sued thereon and obtained judgment for $1,861.88. Execution was placed in the hands of the sheriff, and he returned the same wholly unsatisfied. Thereupon Robinson sued the Aetna company on the bond.

██ In 1915 an act was passed (S. L. '15, c. 120) "To regulate the business of milling, sampling, concentrating, reducing, purchasing and receiving for sale ores, concentrates and amalgams, bearing gold or silver, gold dust, gold and silver bullion, nuggets and specimens." Section 1 (C. L. §3366) makes it unlawful to engage in the business (with certain exceptions) without first procuring a license. Section 3 (C. L. §3368) requires the giving of a bond conditioned that the obligor will not violate any law relating to such business, and provides: "If any person shall be aggrieved by the misconduct of any such licensee through his violation of any law relating to such business, and shall recover a judgment therefor, such person may, after a return unsatisfied in whole or in part of any execution issued upon said judgment, maintain an action in his own name upon such bond herein required in any court of competent jurisdiction."

The bond sued upon is conditioned as follows: "Now, therefore, if the said principal shall faithfully observe and comply with all the requirements of the Act of General Assembly of Colorado entitled [giving title in full]

approved April 12, 1915, and shall not in any manner violate any law relating to such business, then this obligation shall be void, otherwise to remain in full force and effect.''

No provision of the act of 1915 was violated; but it is said that Chain O'Mines violated section 3356, Compiled Laws of 1921, which provides: ''The owner, manager or agent of any species of quartz mill, arastra mill, furnace or cupel, employed in extracting gold from quartz, pyrites or other minerals, who shall neglect or refuse to account for, or pay over and deliver all the proceeds thereof to the owner of such quartz, pyrites or other mineral, excepting such portion of said proceeds as he is entitled to in return for his services, shall, on conviction, be fined in a sum not exceeding one thousand dollars or be imprisoned in the penitentiary not exceeding one year.'' That section is part of a statute that was passed in 1861. Terr. Laws of 1861, p. 316, §125; Rev. Stat. of 1868, p. 232, §165. It was passed as a criminal statute and constituted a part of the Criminal Code, though in Revised Statutes of 1908, the compilers placed it in the chapter on mines and mining. It has no application to the present case, and the trial court properly so held. It does not cover, as Robinson claims it does, a case of failure to pay the price of ore purchased at an agreed price, but is confined to cases of failure to account for and pay over to the owner the proceeds of ore delivered for treatment. The plain language of the section forbids the construction contended for by Robinson. Moreover, any such construction would bring the section into conflict with section 12 of article 2 of the state Constitution relating to imprisonment for debt. A construction having that effect should be avoided, unless clearly required, and in the present case such construction is not only not required, but would do violence to the language of the section.

■ But, say counsel, if there has been no violation of section 3356, supra, there has been a violation of the common-law duty to pay the purchase price, and such vio-

lation comes within the terms of section 3368, supra. The contention is devoid of merit. The words "any law relating to such business," in that section, have reference to statutory law relating to such business. Moreover, the obligation to pay the purchase price is created by contract; the law merely affords a remedy for the breach of such contract.

The judgment is affirmed.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE HOLLAND concur.